IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD L. LIVINGSTON,                )
                                      )
            Petitioner,               )
                                      )
    v.                                )        Case No. 23-3162-JWL
                                      )
KEVIN PAYNE, Commandant,              )
United States Disciplinary Barracks,  )
                                      )
            Respondent.               )
                                      )
_____)


### MEMORANDUM AND ORDER

Petitioner, a military prisoner, filed through counsel a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges certain convictions and his sentence imposed by a court martial.  For the reasons set forth below, the Court **denies** the first two claims asserted in the petition.  By consent of the parties, proceedings with respect to the petition's third claim, by which petitioner asserts that a unanimous verdict was required, is hereby **stayed**.


I.      **Background**

In 2019, petitioner pleaded guilty to certain offenses and was convicted of other offenses – including rape and sexual assault – in a court martial after a trial before a panel of officers.  On direct appeal, the United States Army Court of Criminal Appeals (ACCA) set aside one conviction, but it affirmed petitioner's other convictions, of which rulings the

United States Court of Appeals for the Armed Forces (CAAF) denied review.  *See United States v. Livingston*, 2022 WL 705828 (A.C.C.A. Mar. 8, 2022), *rev. denied*, 82 M.J. 440 (C.A.A.F. July 25, 2022).  In its opinion, the ACCA specifically addressed and rejected petitioner's argument that the trial court had erroneously admitted testimony under Mil R. Evid. 801(d)(1)(B) that one alleged victim had told the witness of assaults by petitioner. *See id.* at \*6-8.  The ACCA summarily rejected other arguments by petitioner, stating that it had "given full and fair consideration" to those arguments and that those arguments "lack merit and warrant neither discussion nor relief."  *See id.* at \*1 n.2.  Petitioner's eventual sentence included a term of confinement for 16 years and 11 months, and petitioner is presently imprisoned within this judicial district.

Petitioner, through counsel, filed the present petition for habeas relief in July 2023. Respondent has filed an answer, and petitioner has filed a reply brief.  In the petition, petitioner asserts three claims for relief.  First, petitioner challenges his sexual assault conviction on the basis of his claim that the trial court should not have admitted the testimony of the victim's statement pursuant to Rule 801(d)(1)(B).  Second, petitioner challenges his sentence on the basis of his claim that the record of his case is not substantially verbatim as required, specifically because the record does not include the transcript of any Article 39(a) session at which he was arraigned and at which he entered his forum selection.  Third, petitioner challenges his convictions by the officer panel on the basis of his claim that unanimous verdicts should have been required.

## II.    **Claim 1 – Admission of Statement Under Rule 801(d)(1)(B)**

Petitioner first claims that the trial court erred in admitting testimony by a witness that one victim stated that petitioner had sexually assaulted her.  The testimony was offered to bolster the victim's credibility after the defense introduced evidence that the victim had continued a sexual relationship with petitioner after the alleged assault, which evidence included explicit photos and an explicit video.  The trial court admitted the testimony under Mil. R. Evid. 801(d)(1)(B), which rule provides that a prior statement is not hearsay if the declarant is subject to cross-examination, the statement is consistent with the declarant's testimony, and the statement is offered "(i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or (ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground."  *See id.*  The ACCA ruled that the trial court had erred in admitting the testimony under Rule 801(d)(1)(B)(ii), but that the error was harmless because the testimony was admissible under Rule 801(d)(1)(B)(i), as the prior statement rebutted the argument that the declarant victim's own testimony was fabricated.  *See Livingston*, 2022 WL 705828, at *8.  In so ruling, the ACCA noted that, under military jurisprudence, the trial court was required to find that the prior consistent statement was made prior to the creation of the evidence constituting the attack on the  declarant; and it concluded that that requirement was satisfied because in this case the statement was made prior to the creation of the bulk of the photos and video and prior to the ongoing relationship, and thus prior to "the conduct attacked on cross-examination as evidence of recent fabrication."  *See id.* at

3

*7-8 (citing *United States v. Frost*, 79 M.J. 104, 110 (C.A.A.F. 2019)).  Petitioner now challenges that ruling by the ACCA.

The Tenth Circuit recently clarified and reaffirmed the standard for a district court's consideration of a habeas petition filed by a military prisoner convicted by court martial. *See Santucci v. Commandant*, 66 F.4th 844, 852-71 (10th Cir.), *cert. denied*, 144 S. Ct. 191 (2023).  Other than questions of jurisdiction, a district court may consider the merits upon habeas review only if "the military justice system has failed to give full and fair consideration to the petitioner's claims."  *See id.* at 855 (citing *Burns v. Wilson*, 346 U.S. 137, 142 (1953)).  A court determines whether such full and fair consideration has been given by examining the following four factors (referred to as the *Dodson* factors):

> 1.  The asserted error must be of substantial constitutional dimension.  2.  The issue must be one of law rather than of disputed fact already determined by the military tribunals.  3.  Military consideration may warrant different treatment of constitutional claims.  4.  The military courts must give adequate consideration to the issues involved and apply proper legal standards.

*See id.* at 856 (quoting *Dodson v. Zelez*, 917 F.2d 1250, 1252-53 (10th Cir. 1990)).  Military petitioners must establish that all four factors weigh in their favor in order to have the merits of their claims reviewed.  *See id.*  "Putting the matter differently, petitioners' failure to show that even one factor weighs in their favor is fatal to their efforts to secure full merits review."  *See id.* at 858.

Petitioner argues that although the ACCA addressed this claim that the testimony of the victim's prior consistent statement should not have been admitted, the fourth *Dodson* factor is satisfied here because the ACCA applied the wrong legal standard concerning the admission of testimony under Rule 801(d)(1)(B).  Specifically, petitioner argues that the

relevant inquiry under military court precedent was not whether the statement was made prior to the creation of the *evidence* of the declarant's motive to fabricate, but rather whether the statement was made prior to the creation of the motive itself. Petitioner argues that in this case such a motive to fabricate (i.e., denying a relationship to avoid further censure for improper fraternization) already existed at the time of the statement.

This Court need not decide that issue of the proper standard under military court precedent, however, because petitioner has failed to satisfy all of the other *Dodson* factors as required for federal court habeas review. With respect to the second *Dodson* factor, petitioner argues that the argument that the statement is hearsay presents a pure question of law, but the Court disagrees. A court's application of Rule 801(d)(1)(B)(i) necessarily involves consideration and determination of facts concerning the existence of declarant's motive to fabricate and the timing of the statement relative to the existence of the motive. Moreover, even if the Court were to determine that the trial court erred in admitting the testimony, a harmless-error analysis would be required, which analysis would involve a factual weighing of the totality of the evidence at the trial.

Petitioner also cannot satisfy the first *Dodson* requirement. With respect to that factor, petitioner argues that the admission of the testimony implicates the constitutional right of due process. Petitioner's only supporting authority is a statement by the Supreme Court in a footnote that the due process clause could provide a bar to the admission of hearsay statements because the clause may bar the admission of unreliable evidence. *See*

*Michigan v. Bryant*, 562, 344, 370 n.13 (2011).[1]   In arguing this claim to this Court, however, petitioner has not addressed or attempted to apply any applicable due process standard.  *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (mere error in applying applicable law concerning an evidentiary rule does not justify habeas relief; rather, the error by itself must have "so infected the entire trial that the resulting conviction violates due process") (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)); *Patton v. Mullin*, 425 F.3d 788, 800 (10th Cir. 2005) (evidentiary ruling may not be challenged by habeas petition unless the admitted statement was so unduly prejudicial that it rendered the trial fundamentally unfair; moreover, a trial error will be deemed harmless unless it had a substantial or injurious effect or influence in determining the verdict); *Harris v. Poppell*, 411 F.3d 1189, 1197 (10th Cir. 2005) (habeas relief on the basis of an evidentiary ruling is not available unless the ruling rendered the trial so fundamentally unfair that a denial of constitutional rights results, which inquiry requires examination of the entire proceedings, including the strength of the evidence against the petitioner).  Further, application of that standard does not present a pure question of law, but rather requires a factual weighing of the totality of the evidence at trial.

Moreover, it does not appear that petitioner asserted any such due process claim in the military courts; rather, petitioner merely argued that the trial court had not applied the evidentiary rule correctly.  Petitioner has not provided any basis for excusing that failure

---

[1]  Petitioner also cites authority based on the Confrontation Clause, but that authority is not apt here, as petitioner was able to confront the declarant and to cross-examine her about the statement.

to raise this issue of due process on direct appeal and the resulting procedural default; accordingly, federal habeas review of any due process claim is not available.  *See Lips v. Commandant*, 997 F.2d 808, 812 (10th Cir. 1993) (to obtain federal habeas review of a claim not raised on appeal, a military prisoner must show "both cause excusing the procedural default and actual prejudice resulting from the error").

For these reasons, petitioner cannot satisfy all of the *Dodson* factors as required for any exhausted or non-waived claim relating to the admission of the challenged testimony. The Court therefore denies the petition with respect to the first claim.

### III.   Claim 2 – Compliance with Requirement of Verbatim Transcript

According to the rules governing courts martial, the record of a trial shall include a "substantially verbatim" record of the court-martial proceedings, and a certified verbatim transcript of the record of trial shall be prepared when a judgment includes a term of confinement for more than six months.  *See* Rules for Courts Martial 1112, 1114.  Petitioner argues that his multi-year sentence must be vacated because the record of his trial-court proceedings does not contain a substantially verbatim transcript of all proceedings. Specifically, petitioner argues that the record is incomplete because it does not contain a transcript of any Article 39(a) session in which he entered pleas or elected whether to have a trial to the judge or to a panel.  After petitioner raised this issue on direct appeal, the ACCA ordered that an affidavit be submitted from the senior court reporter at the relevant location, which affidavit confirmed that pretrial court sessions in 2019 in petitioner's case occurred only on March 7, May 14, and July 22 – sessions for which the record did include

transcripts. The ACCA subsequently rejected petitioner's claim of a missing transcript without discussion. *See Livingston*, 2022 WL 705828, at *1 n.2. Petitioner makes the same claim to this Court in seeking habeas relief.

Petitioner argues that he may raise this issue in a habeas proceeding because it involves the trial court's jurisdiction to impose a sentence over six months. Respondent disputes that the issue is jurisdictional, and he argues that the usual *Dodson* analysis applies.[2] The Court need not decide that issue, however, as petitioner has failed to persuade the Court that any non-transcribed hearing occurred.

The weight of the evidence establishes that no other session took place. The record includes transcripts of Article 39(a) sessions occurring on March 7, May 14, July 22, and July 29 (on the first day of trial) in 2019. The senior court reporter's affidavit confirms that no other session took place. That evidence is consistent with and corroborated by an email to counsel in which the court moved a scheduled June 21 session to July 22.

Petitioner argues that there must have been another session because there is no transcript of a session in which he entered his pleas and made his forum election. That omission does not establish that another session occurred, however, as petitioner's counsel filed a written notice of his pleas and forum election, which matters were confirmed on the record by the trial court in the July 22 session. Petitioner argues that the notice was not sufficient to constitute his forum election because the rules require such election to be

---

[2] Petitioner cannot satisfy the *Dodson* test because the claim does not present a constitutional issue, the claim involves a factual question regarding whether another session occurred, and the ACCA considered and rejected the claim.

signed by the accused or on the record – but, again, the election was confirmed with petitioner on the record on July 22.  Petitioner also relies on the fact that on July 22 the trial judge referred to an earlier session at which petitioner made his election and entered his pleas.  In that colloquy, however, the judge referred to a session in which he informed petitioner of his election rights and his rights regarding counsel, and such information was indeed given to petitioner by the trial judge at the March 7 session.  Thus, the most likely explanation for the judge's remarks is that in referring to past pleas and forum election he was referring to the filed notice in the record.

It is significant that the ACCA also found that no transcript was missing, as it summarily rejected this claim after ordering the affidavit addressing the issue.  It is also significant that petitioner has not offered any evidence from any person allegedly participating in some additional session, including his own trial counsel who would have been in attendance.

The Court therefore finds that the record is not missing a transcript of any proceeding in his case in the trial court.[3]  Accordingly, the Court denies this claim on the merits.

---

[3]  In addition, the Court finds that even if another session did occur, no prejudice resulted from the omission of a transcript of that session.  *See United States v. Boxdale*, 47 C.M.R. 351, 352 (U.S. Ct. Mil. App. 1973) (substantial omission from the record results in a presumption of prejudice that may be rebutted).  As noted above, petitioner's pleas and forum election were confirmed on the record on July 22, for which session a verbatim transcript exists, and petitioner has not suggested that any other issue relating to his direct appeal was affected by the absence of a transcript.

### IV.   <u>Claim 3 – Unanimity of Verdict</u>

In his third claim, petitioner asserts that the trial court erred in failing to require the panel to convict him by unanimous verdict.  Recently, the CAAF ruled that there is no constitutional right to a unanimous panel decision in a military court martial, although the defendant in that case has filed a petition for certiorari in the United States Supreme Court. *See United States v. Anderson*, 83 M.J. 291 (C.A.A.F. 2023), *pet. for cert. filed* (U.S. Oct. 26, 2023).  In light of that ruling and the pending petition for certiorari, the parties have agreed that the Court should stay proceedings on this claim – as it has stayed other cases raising the same issue – until appeals have been concluded in *Anderson*.  Accordingly, the Court hereby stays proceedings on the petition's third claim, and this case remains pending to that extent.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus relief under 28 U.S.C. § 2241 is hereby **denied in part and stayed in part**.  The petition is denied with respect to its first two claims.  By consent of the parties, proceedings with respect to the petition's third claim (concerning unanimity) are hereby stayed until any direct appeal from the CAAF's decision in *United States v. Anderson* has been completed, or until further order of this Court.  Respondent is directed to notify the Court when the stay is to be lifted, and the Court will issue further orders at that time.

IT IS SO ORDERED.

Dated this 9th day of January, 2024, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge