IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD L. LIVINGSTON,                    )
                                          )
                    Petitioner,           )
                                          )
          v.                              )        Case No. 23-3162-JWL
                                          )
KEVIN PAYNE, Commandant,                  )
United States Disciplinary Barracks,      )
                                          )
                    Respondent.           )
                                          )
_____)


## MEMORANDUM AND ORDER

Petitioner, a military prisoner, filed through counsel a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges certain convictions and his sentence imposed by a court martial. The Court previously denied two of petitioner's three claims, while staying petitioner's third claim relating to the lack of a requirement of a unanimous panel verdict. *See Livingston v. Payne*, 2024 WL 95205 (D. Kan. Jan. 9, 2024) (Lungstrum, J.). The Court subsequently lifted the stay, and the parties completed the briefing with respect to the third claim. For the reasons set forth below, the Court **denies** petitioner's third claim, and the petition is therefore denied in its entirety.

I.    **Background**

In 2019, petitioner pleaded guilty to certain offenses and was convicted of other offenses – including rape and sexual assault – in a court martial after a trial before a panel of officers.  On direct appeal, the United States Army Court of Criminal Appeals (ACCA) set aside one conviction, but it affirmed petitioner's other convictions, of which rulings the United States Court of Appeals for the Armed Forces (CAAF) denied review.  *See United States v. Livingston*, 2022 WL 705828 (Army Ct. Crim. App. Mar. 8, 2022), *rev. denied*, 82 M.J. 440 (Ct. App. Armed Forces July 25, 2022).  In its opinion, the ACCA specifically addressed particular arguments raised on appeal, but it summarily rejected other arguments by petitioner, stating that it had "given full and fair consideration" to those arguments and that those arguments "lack merit and warrant neither discussion nor relief."  *See id.* at *1 n.2.  Petitioner's eventual sentence included a term of confinement for 16 years and 11 months, and petitioner is presently imprisoned within this judicial district.

Petitioner, through counsel, filed the present petition for habeas relief in July 2023.  The parties briefed petitioner's first two claims, which the Court then denied.  Upon the parties' request, however, the Court stayed litigation of petitioner's third claim – that the trial court erred in failing to require the panel to convict him by unanimous verdict – pending final resolution of appeals in a case decided by the CAAF involving the same issue.  *See United States v. Anderson*, 83 M.J. 291 (Ct. App. Armed Forces 2023), *cert. denied*, 144 S. Ct. 1003 (2024).  After the Supreme Court denied the petition for certiorari in *Anderson*, the Court lifted the stay, and the parties filed further briefs.  That claim is now ripe for resolution.

2

## II.   <u>Analysis</u>

The Court begins by considering whether it may review the merits of this claim, in light of the fact that petitioner asserted the same claim on direct appeal to the ACCA and the CAAF, both of which rejected the claim.[1]   In 2023, the Tenth Circuit clarified and reaffirmed the standard for a district court's consideration of a habeas petition filed by a military prisoner convicted by court martial.  *See Santucci v. Commandant*, 66 F.4th 844, 852-71 (10th Cir.), *cert. denied*, 144 S. Ct. 191 (2023).  Other than questions of jurisdiction, a district court may consider the merits upon habeas review only if "the military justice system has failed to give full and fair consideration to the petitioner's claims."  *See id.* at 855 (citing *Burns v. Wilson*, 346 U.S. 137, 142 (1953)).  A court determines whether such full and fair consideration has been given by examining the following four factors (referred to as the *Dodson* factors):

> 1.  The asserted error must be of substantial constitutional dimension.  2.  The issue must be one of law rather than of disputed fact already determined by the military tribunals.   3.   Military consideration may warrant different treatment of constitutional claims.  4.  The military courts must give adequate consideration to the issues involved and apply proper legal standards.

*See id.* at 856 (quoting *Dodson v. Zelez*, 917 F.2d 1250, 1252-53 (10th Cir. 1990)).  Military petitioners must establish that all four factors weigh in their favor in order to have the merits of their claims reviewed.  *See id.*  "Putting the matter differently, petitioners' failure

---

[1]   Respondent states that petitioner raised this issue concerning the requirement of unanimity in *Grostefon* briefs submitted to both the ACCA and the CAAF.  With respect to the appeal to the ACCA, however, respondent's attachments include only petitioner's reply brief, which does not contain any discussion of the *Grostefon* issues, and do not include the *Grostefon* brief submitted to the ACCA.  Petitioner does not dispute, however, that he did raise the issue on direct appeal to the ACCA.

to show that even one factor weighs in their favor is fatal to their efforts to secure full merits review." *See id.* at 858. The Court addresses the four factors in turn.

Petitioner satisfies the <u>first</u> factor because his unanimity claim raises substantial issues under the Fifth and Sixth Amendments to the United States Constitution. Respondent argues that petitioner cannot establish this factor because in fact there is no constitutional right to a unanimous verdict in military courts. The Court does not review the merits of the claim, however, in deciding whether these requirements for a merits review have been satisfied. *See Drinkert v. Payne*, 90 F.4th 1043, 1048 (10th Cir. 2024). The error *asserted* by petitioner is of substantial constitution dimension, and thus petitioner has satisfied the first *Dodson* factor.[2]

As conceded by respondent, petitioner satisfies the <u>second</u> *Dodson* factor because this claim presents a pure issue of law, namely, whether the Constitution requires a unanimous verdict for a court-martial conviction.

Respondent disputes that petitioner can satisfy the <u>third</u> *Dodson* factor in this case. Respondent argues that military considerations "clearly" warrant a different treatment of this claim. In support of that argument, respondent notes that the Supreme Court has emphasized the differences between military and civilian justice systems, and it asserts that a non-unanimous verdict, "like other matters relating to the organization and administration of court-martial panels, is a matter appropriate for congressional action." Respondent has not actually identified any specific military consideration, however, that warrants a

---

[2] The Court would encourage this respondent not to continue to make this argument in cases in which the petitioner's *claim* is of a substantial constitutional violation.

different treatment with respect to whether a unanimous verdict should be required. The Court tends to agree with petitioner that it is incumbent on respondent at least to identify such an issue, as it is more difficult for petitioner to prove the negative (that is, that there are no military considerations warranting different treatment). At any rate, the Court need not decide whether petitioner has met this requirement in light of its conclusion that petitioner cannot satisfy the fourth *Dodson* factor.

With respect to the <u>fourth</u> *Dodson* factor, petitioner disputes that the military courts gave his claim adequate consideration. As noted above, petitioner raised the issue on appeal to the ACCA, but the ACCA summarily rejected that argument; and petitioner raised the issue again in his petition for review, but the CAAF rejected the argument by denying review of the ACCA's ruling.

Petitioner argues that the fact that his claim was raised and rejected on direct appeal is not dispositive under Tenth Circuit law. Rather, he argues that the Tenth Circuit has held only that a summary rejection of a claim by the military courts does not mean that those courts *failed* to give the claim adequate consideration. Petitioner relies on language from the Tenth Circuit's opinion in *Thomas v. United States Disciplinary Barracks*, 625 F.3d 667 (10th Cir. 2010) – a case often cited with respect to this fourth factor. In *Thomas*, the court quoted its conclusion from *Watson v. McCotter* (a previous case that is also often cited with respect to this factor) that "when an issue is briefed and argued before a military board of review, we have held that the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with the mere statement that it did not consider the issue meritorious or requiring discussion." *See id.* at

671 (quoting *Watson v. McCotter*, 782 F.2d 143, 143 (10th Cir. 1986)).  Petitioner here especially relies on the *Thomas* court's statement that it "decline[d] to presume a military appellate court has failed to consider all the issues presented to it before making a decision."  *See id.* at 672.  The court elaborated in *Thomas* as follows:

> Although our review of court-martial proceedings is narrow, it is not illusory.  In *Watson*, we predicated our holding that full and fair consideration does not require a detailed opinion or certain other indications that a military court diligently reviewed the parties' arguments.  In a case where the briefing is cursory and no indications of full consideration otherwise exist, we may reach a different result.

*See id.*

In recent cases, however, the Tenth Circuit has consistently stated that this factor weighs against the petitioner when the military courts have summarily rejected a claim that was briefed to them.  *See Santucci*, 66 F.4th at 875; *Bales v. Commandant*, 2023 WL 3374118, at *7 (10th Cir. May 11, 2023) (unpub. op.); *Allen v. Payne*, 2023 WL 8368896, at *4 (10th Cir. Dec. 4, 2023) (unpub. op.); *Drinkert v. Payne*, 90 F.4th 1043, 1046-47 (10th Cir. 2024).  Thus, in *Santucci* the Tenth Circuit inferred that the ACCA had conducted a reasonably thorough evaluation of a claim asserted on appeal even though the ACCA did not comment directly on that claim in its opinion.  *See Santucci*, 66 F.4th at 875-76.  The Tenth Circuit in that case noted that the petition had not pointed to anything in the ACCA's analysis that would cause it to question whether the ACCA actually reviewed the claim.  *See id.* at 876.  Similarly, in *Allen*, the Tenth Circuit concluded that the petitioner had not made a sufficient showing with respect to the fourth *Dodson* factor because he had fully briefed the issues to the ACCA and CAAF, which courts summarily

6

rejected the claims and denied review respectively. *See Allen*, 2023 WL 8368896, at *4-5. In *Drinkert*, the Tenth Circuit noted that in applying the fourth *Dodson* factor, it "ordinarily focus[es] only on how the issue was presented to the military court, without considering that court's reasoning, or even its conclusion." *See Drinkert*, 90 F.4th at 1046-47.

Therefore, it is clear under Tenth Circuit precedent that there can be full and fair consideration of a claim in the military courts even if that claim is summarily rejected. Petitioner argues that that is not always the case; but petitioner has not shown or even suggested why the military courts did not adequately consider the claim in this particular case. Petitioner does not dispute that the unanimity issue was briefed to both the ACCA and the CAAF,[3] and the ACCA stated that it did consider all such issues fully and fairly. Petitioner has not pointed to anything that would cast doubt on that statement by the ACCA. Accordingly, petitioner has not shown that the military courts failed to give adequate consideration to the issue.

As noted above, the fourth *Dodson* factor also requires the military courts to "apply proper legal standards." The Tenth Circuit has clarified that it is not enough for a petitioner merely to argue that the military courts failed to apply the proper standard correctly; rather, the petition must show that the military courts did not identify and apply the standard that governs the inquiry. *See Drinkert*, 90 F.4th at 1048-49. Petitioner argues that, although it

---

[3] Petitioner has not suggested that the briefing was cursory or lacking in argument. Petitioner's briefing of the issue to the CAAF spanned multiple pages and included multiple citations, including citation to *Ramos v. Louisiana*, 590 U.S. 83 (2020), the Supreme Court case on which petitioner primarily relies.

is "unclear what standard the military courts applied" in his case, they must not have applied the proper standard of "strict scrutiny" because they "erroneously considered that the matter was not one of constitutional importance." Petitioner has no basis for that assertion, however; as petitioner notes, the ACCA did not explain its summary rejection of the claim, and thus petitioner cannot show that the ACCA applied an incorrect standard. Petitioner's claim – that the Due Process Clause, the Equal Protection Clause, or the Sixth Amendment requires a unanimous verdict in a court martial – itself identifies the applicable standards, and there is no basis to conclude that the ACCA did not consider petitioner's unanimity claim under the standards of the Fifth and Sixth Amendments.[4]

Accordingly, because petitioner has failed to establish that the fourth *Dodson* factor weighs in his favor, the Court may not review the merits of his present claim. The Court therefore denies the petition in its entirety.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus relief under 28 U.S.C. § 2241 is hereby **denied**.

---

[4]  Moreover, even if it *could* be determined whether the ACCA refused to apply a standard of strict scrutiny to the equal protection claim (it cannot), that refusal would not be sufficient here, as that court could have resolved the claim on another basis – for instance on the basis that court-martial defendants are not similarly situated to other criminal defendants – without determining the applicable level of scrutiny.

IT IS SO ORDERED.

Dated this 8th day of July, 2024, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge